1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE WAYNE FOSTER, | 1:08-cv-0999-DLB (HC) |
|                 Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
|    v. | [Doc. 1] |
| J. YATES, | |
|                 Respondent. | |
| _____/ | |

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States Magistrate Judge.

        Petitioner filed the instant petition for writ of habeas corpus on July 14, 2008.  (Court Doc. 1.)  Petitioner is challenging a 1986 conviction in the Fresno County Superior Court for murder.  Petitioner is serving a 27 years to life sentence.  (Petition, at 1.)

        Petitioner contends that his plea of guilty was unlawfully induced and not voluntary, his conviction was obtained by the use of coerced confession, his conviction was obtained in violation of his due process right against self-incrimination, and he was denied effective assistance of counsel.  In addition, Petitioner contends that there is newly discovered evidence to prove his innocence of the murder.

1

1

<u>DISCUSSION</u>

2        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

3 petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

4 petitioner is not entitled to relief in the district court . . . ."

5        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

6 of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

7 corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059,

8 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118

9 S.Ct. 586 (1997).  The instant petition was filed on October 4, 2007, and thus, it is subject to the

10 provisions of the AEDPA.

11       The AEDPA imposes a one year period of limitation on petitioners seeking to file a

12 federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,

13 subdivision (d) reads:

14           (1)  A 1-year period of limitation shall apply to an application for a writ of
            habeas corpus by a person in custody pursuant to the judgment of a State court.
15          The limitation period shall run from the latest of –

16              (A) the date on which the judgment became final by the conclusion of
            direct review or the expiration of the time for seeking such review;
17
                (B) the date on which the impediment to filing an application created by
18          State action in violation of the Constitution or laws of the United States is
            removed, if the applicant was prevented from filing by such State action;
19
                (C) the date on which the constitutional right asserted was initially recognized
20          by the Supreme Court, if the right has been newly recognized by the Supreme Court and
            made retroactively applicable to cases on collateral review; or
21
                (D) the date on which the factual predicate of the claim or claims
22          presented could have been discovered through the exercise of due diligence.

23          (2) The time during which a properly filed application for State post-
            conviction or other collateral review with respect to the pertinent judgment or
24          claim is pending shall not be counted toward any period of limitation under this
            subsection.
25

26       In most cases, the limitation period begins running on the date that the petitioner's direct

27 review became final.  Here, Petitioner was convicted February 18, 1986, and was sentenced on

28 March 24, 1986.  Although Petitioner does not indicate whether he sought direct review of his

2

1   conviction and/or sentence, Petitioner had sixty (60) days in which to file a notice of appeal.  Cal.

2   R.Ct. 8.104.  Then any decision by the California Court of Appeal became final thirty (30) days

3   after filing, and an appeal must be taken to the California Supreme Court within ten (10) days of

4   finality.  Cal.R.Ct. 8.264(b), 8.500(e).  Thereafter, following an appeal and decision by the

5   California Supreme Court, direct review concludes when the ninety (90) day period for seeking

6   review in the United States Supreme Court expires.  U.S. Sup.Ct.R. 13(1).  The instant petition

7   filed on July 14, 2008, over twenty years after Petitioner was convicted and sentenced, is no

8   doubt barred by the statute of limitations, even assuming Petitioner sought direct review and a

9   reasonable period of time was statutorily tolled.[1]

10      However, Petitioner contends that he is actually innocence which excuses his delay.

11  Neither the Supreme Court nor the Ninth Circuit has expressly held that there is an actual

12  innocence exception to a violation of section 2244(d)'s limitation period.  Majoy v. Roe, 296

13  F.3d 770, 776 (9th Cir. 2002).  To date, the Ninth Circuit has only excused a violation of the

14  limitation period in cases where the petition was entitled to equitable tolling.  See Calderon v.

15  United States Dist. Court (Beeler), 128 F.3d at 1287-89, overruled on other grounds by Calderon

16  v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998), overruled on other grounds by

17  Woodford v. Garceau, 538 U.S. 202, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003).

18      However, even if the Court were to conclude that an actual innocence exception to a

19  violation of the limitations period existed, Petitioner has not met the standard for actual

20  innocence.  Petitioner must show that the alleged constitutional error "has probably resulted in

21  the conviction of one who is actually innocent."  Bousley v. United States, 523 U.S. 614, 622

22  (1998), *quoting* Murray v. Carrier, 477 U.S. 478, 496 (1986).  Petitioner must demonstrate that in

23  light of the evidence no reasonable juror would have found him guilty.  Schlup v. Delo, 513 U.S.

24  298, 329 (1995).  Petitioner presents no such evidence.  As stated by the California Superior

25  Court, County of Fresno, in denying his state petition for writ of habeas corpus addressing the

26

27          [1] Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted
28  toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).

3

same claim raised here,

> Petitioner contends that newly discovered evidence provides that he is innocent of the murder of which he was convicted on February 18, 1986. However, the letters attached to the petition do not appear to be "new evidence" showing petitioner's innocence.
>
> One of the letters is from Tyree Charles Hall, who claims that he is the one who actually committed the murder. (Exhibit A to petition.) However, Hall also states that he admitted on February 18, 1986, that he committed the crime, and that he has always taken complete responsibility for the murder. (*Ibid*.) Hall further states that he was sentenced to 16 years to life for his part in the murder. (*Ibid*.) Therefore, it appears that the court has been aware of Hall's role in the murder since 1986, and in fact Hall was sentenced as a result of his admission of guilt. Thus, Hall's letter does not provide any "new evidence" showing that petitioner was not guilty, since it merely states facts that have been in the record for the past 21 years.
>
> Furthermore, Hall never states that petitioner did not participate in the robbery that led to the murder of the store owner, so it appears that petitioner would still be guilty as an accomplice under the felony murder rule. The fact that petitioner received a longer sentence than Hall, who was allegedly the actual shooter, was apparently because Hall was a juvenile at the time of the crime. While the letter clearly inculpates Hall, it does not exculpate petitioner as being a party who was involved in said robbery and murder. This letter is also clearly noted to have been written by a "relative" of the petitioner who may have a bias to assist petition in the current matter.
>
> Petitioner also attaches a copy of another letter dated April 15, 1998, from Patricia Hall, who was petitioner's aunt. (Exhibit B to petition.) Hill states that petitioner's brother, Ricky Tyrone Foster, confessed to her that he was the person who shot the store owner during the robbery. (*Ibid*.) However, the court notes that the letter is almost 9 years old, and apparently Ms. Hill has subsequently died. (See Memo attached to Exhibit B.) Petitioner does not explain why he did not submit the letter to the court earlier and at a time when its author (Ms. Hill) was available for further examination regarding the details of this matter. Since the letter is dated April 15, 1998, the letter does not constitute "new evidence" of petitioner's innocence. Furthermore, the letter is self-contradictory, since it states that Ricky Tyrone Foster confessed to the crime, yet later it states that Tyree Hall also confessed to the crime. Also, the letter does not state whether petitioner participated in the robbery and murder. Therefore, the letter from Patricia Hill is not new evidence that would justify overturning petitioner's conviction.

(Unenumerated Exhibit attached to Petition, Opinion dated May 4, 2007, 07CRWR678331.)

In addition, it appears that Petitioner is attempting to argue that because his petition raises, in his opinion, serious constitutional violations, it must be reviewed. Petitioner is advised that the merits of the federal petition are not relevant to whether extraordinary circumstances exist justifying the late filing of the habeas petition; showing of extraordinary circumstances related to filing of the petition itself is required. <u>Helton v. Secretary for Dept. of Corrections,</u>

4

259 F.3d 1310, 1314-15 (11th Cir. 2001); <u>Escamilla v. Jungwirth</u>, 426 F.3d 868 (7th Cir.2005)

(Even "[p]risoners claiming to be  innocent . . . must meet the statutory requirement of timely

action.").

<u>ORDER</u>

Based on the foregoing, it is HEREBY ORDERED that the instant petition for writ of

habeas corpus is DISMISSED, with prejudice, as time-barred.

IT IS SO ORDERED.

**Dated:   August 19, 2008**                      /s/ **Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE